**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

GREGORY LOCKE,

LISA LOCKE,

                         *Plaintiffs*,

v.

NATIONAL CREDIT SYSTEMS, INC.,

SHERWOOD CROSSING ASSOCIATES LLC,

LAW OFFICE OF BRETT M. BORLAND P.C.,

                         *Defendants*.

Case No.   2:26-cv-1860

## NOTICE OF REMOVAL

Without waiving any defenses, Defendant Sherwood Crossing Associates LLC ("SCA"), by and through its legal counsel, hereby removes this civil action, pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## I.      INTRODUCTION

1.      Plaintiff Gregory and Lisa Locke ("Plaintiffs") filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Gregory Locke et al. v. National Credit Systems, Inc. et al.*, Case No. 260202076, on February 13, 2026.  A copy of the Complaint, along with the underlying state docket, is attached hereto as Exhibit A.

2. SCA received a copy of the Complaint on or around March 6, 2026.

3. The Court of Common Pleas of Philadelphia County, Pennsylvania, issued a case management order the same day Plaintiffs filed their complaint, but no other actions have been taken in the case. The documents attached hereto as Exhibit A thus constitute all process, pleadings and orders SCA has received concerning this action.

4. Other Defendants consent to the Removal. Consent of Plaintiffs to this Removal is unknown; however, upon information and belief, Plaintiffs will not be prejudiced by Removal of this Action.

5. This Notice of Removal is being filed within thirty (30) days of SCA receiving a copy of the Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

6. In the Complaint, Plaintiffs allege that SCA violated the Fair Debt Collections Practices Act ("FDCPA"), Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and seeks to recover damages under 15 U.S.C. § 1692k(a) et seq and 73 P.S. § 201-9.2(a).

7. SCA denies the allegations in the Complaint, denies that Plaintiffs have stated any claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have originally filed the Complaint in this Court under federal question jurisdiction because the Complaint alleges violations of federal statutes.

8. The United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, is the federal judicial district encompassing the Court of Common Pleas of

Philadelphia County, Pennsylvania, where this suit is currently pending.  Venue is therefore proper under 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal—by a document titled "Notice of Filing Notice of Removal"—will be promptly filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, and served on Plaintiffs. A copy, without exhibits, is attached hereto as Exhibit B.

10.     No previous application has been made for the relief requested herein.

## II.    FEDERAL QUESTION JURISDICTION

11.     This Court has federal question jurisdiction over the State Court Action under 28 U.S.C. § 1331.

12.     District courts "have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

13.     Here, federal question jurisdiction exists under 28 U.S.C. § 1331 because the Complaint alleges claims over which "the district courts of the United States have original jurisdiction." *Id*.

15.     The Complaint claims that Defendants violated the FDCPA by "attempt[ing] to communicate with a represented party . . . misrepresent[ing] the amount of debt [owed by Plaintiffs] . . . [and attempting to contact] a represented party directly for an amount not owed[.]" *See* Comp. ¶¶ 40–42.

16.    Plaintiffs' FDCPA claims arise under the laws of the United States "[b]ecause federal law creates the right of action and provides the rules of decision." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012).

17.    Accordingly, federal question jurisdiction exists over this action because Plaintiffs' allegations require resolving issues that arise under a federal statute.  Particularly, this matter necessitates the application of federal law, and that federal law determines the rights and liabilities of the parties, which warrants a proper exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

18.    Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

## III.    RESERVATION OF RIGHTS

31.    SCA does not concede in any way that the allegations in the Complaint are properly raised or that the Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  SCA reserves the right to amend or supplement this notice of removal.  If any questions arise as to the propriety of the removal of the action, SCA requests the opportunity to present a brief and argument in support of its position that the case is removable.

32.    SCA reserves all rights, including, but not limited to, defenses and objections as to Plaintiffs' failure to state a claim upon which relief can be granted.  The filing of this notice is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, notice is hereby given that this action is removed from the Pennsylvania Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated: March 20 2026

Respectfully Submitted,

**TROUTMAN PEPPER LOCKE LLP**

/s/ Samantha R. Weber _____
Samantha R. Weber, Esq. (PA ID 336227)
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
T: 215-981-4932
samantha.weber@troutman.com
*Attorneys for Defendant Sherwood*
*Crossing Associates LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 20th day of March, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, and sent notice of the filing via FedEx to:

John T. Shaffer
1700 Market St.
Suite 1005
Philadelphia, PA 19103
*Counsel for Plaintiffs*

National Credit Systems, Inc.
3750 Naturally Fresh Blvd.
Atlanta, GA 30349

Law Office of Brett M. Borland P.C.
2440 Sandy Plains Rd.
Building 1, Suite 200
Marietta, GA 30066

*/s/Samantha R. Weber*
Samantha R. Weber